UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation, et al., ) | 1:08-cv-112-AWI-SMS |
| ) | ORDER DIRECTING PLAINTIFF TO FILE |
| Plaintiffs, ) | BY AUGUST 1, 2008, PROOF OF |
| v. ) | SERVICE OF THE NOTICE OF THE |
| ) | MOTION FOR DEFAULT JUDGMENT OR, |
| CHRISTINA HIGAREDA, ) | ALTERNATIVELY, ADDITIONAL |
| ) | EVIDENCE AND BRIEFING |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On June 27, 2006, Plaintiffs filed a motion for default judgment. Plaintiffs' motion failed to demonstrate that Plaintiffs have complied with Fed. R. Civ, P, 55(b), which requires that if a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. No proof of service of the motion on Defendant was presented by Plaintiff.

A declaration submitted in support of the motion indicated that informal settlement negotiations had occurred; however,

1

1  Plaintiffs submitted no specific evidence concerning the details
2  of the settlement process and related communications. There was
3  only a declaration based on information and belief concerning
4  April 10, 2008.

5      An appearance for the purpose of Rule 55 need not be a
6  formal one and may consist even of informal contacts made by the
7  defaulting party where the defaulting party demonstrates a clear
8  purpose to defend the suit. In re Roxford Foods v. Ford, 12 F.3d
9  875, 879-81  (9th Cir. 1993) (holding in a declaratory relief
10 action that communications by a trustee in bankruptcy regarding
11 an identical claim in a related bankruptcy action to be
12 sufficient to demonstrate a clear intention to defend where time
13 had been given to the trustee to retain counsel for
14 representation on the merits). It has been held that Defendant's
15 participation in settlement discussions is sufficient. H.F.
16 Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d
17 689, 691 (D.C.Cir. 1970); Wanlass v. Olfman, 2007 WL 621943, *10-
18 11 (D. Or. February 20, 2007). In other circumstances, settlement
19 discussions have been held insufficient. Direct Mail Specialists,
20 Inc. v. Eclat Computerized, 840 F.2d 685, 689 (9th Cir. 1988).
21 Communications not amounting to settlement discussions have been
22 held insufficient. Wilson v. Moore and Associates, Inc., 564 F.2d
23 366, 368 (9th Cir. 1977).

24     Here, Plaintiffs have submitted evidence of settlement
25 discussions, but they have not submitted evidence sufficient for
26 the Court to make a finding that the discussion did not evince a
27 clear intention to defend the lawsuit and that thus, Defendant
28 has not appeared.

1    An application for a default judgment qualifies as a motion
2  pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101, and it
3  should include briefs pursuant to Local Rule 78-230(b). Thus,
4  when seeking a default judgment, a plaintiff should provide the
5  Court with points and authorities containing citations to
6  authority showing that under the pertinent law, a plaintiff is
7  entitled to relief. Thus, the party seeking a default judgment
8  must demonstrate either that the notice required by Rule 55(b)
9  has been given, or that the defaulting party or parties have not
10  appeared in the action and that notice is therefore not required.

11    Accordingly, Plaintiffs ARE DIRECTED to file no later than
12  August 1, 2008, either 1) proof of service of notice of the
13  motion for default judgment on the Defendant, or, in the
14  alternative, 2) additional evidence and points and authorities
15  demonstrating that Defendant did not appear in the action or
16  otherwise is not entitled to notice under Rule 55(b).

17    Plaintiffs ARE INFORMED that a failure to comply with this
18  order will result in a recommendation that the motion for default
19  judgment should be denied for lack of notice to the Defendant.

20
IT IS SO ORDERED.
21
**Dated:    July 10, 2008**            **/s/ Sandra M. Snyder**
22                                         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28